No. 2385

Second Circuit

---

SLAGLE-JOHNSON LUMBER COMPANY v. ROBERTS

---

(December 1, 1925, Opinion and Decre.)
(May 7, 1926, Rehearing Refused.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Builders and Buildings—Par. 12, 29.**

Although Section 2 of Act 139 of 1922 provides that parties having claims for labor or materials shall have thirty days after registry of notice by the owner of his acceptance of the work or registry of the architect's certificate of completion, within which to file their claims, nevertheless. a building is legally completed on the date it is finished and not thirty days after registry of notice of acceptance or certificate of completion provided by the act.

2. **Louisiana Digest—Builders and Buildings—Par. 7; Suretyship—Par. 16, 17.**

The clause in a contract of suretyship under Act 139 of 1922 which provides that eighty-five per cent of the bills for labor and material was to be paid by the owner to the contractor every two weeks upon presentation of itemized statement of labor performed and material delivered on the ground, does not justify the withholding of fifteen per cent of the contract price by the owner in order to comply with his contract with the surety.

3. **Louisiana Digest—Builders and Buildings—Par. 7; Suretyship—Par. 1.**

The purpose of the bond required by Act 139 of 1922 is not to secure the surety, but to secure the owner and parties supplying labor or material.

4. **Louisiana Digest—Builders and Buildings—Par. 7; Suretyship—Par. 4.**

Act 139 of 1922 does not require the owner to withhold any percentage of the contract price until the time of filing liens has expired and the contracting parties are therefore free to regulate this as they choose.

5. **Louisiana Digest—Builders and Buildings—Par. 7.**

A bond given under Act 139 of 1922 is to guarantee the faithful performance of the contract and the payment of all laborers and material furnished and therefore covers material supplied to the building before the bond was given.

Appeal from the Fourth Judicial District Court of Louisiana, Parish of Ouachita, Hon. Percy Sandel, Judge.

Action by Slagle-Johnson Lumber Company, Inc., against N. E. Roberts et al., for materials furnished. There was judgment for plaintiff against the owner and the contractor and in favor of the owner against the surety company, and the defendant surety company alone appealed.

Judgment affirmed.

McHenry, Montgomery, Lamkin and Lamkin, of Monroe, attorneys for plaintiff, appellee.

Adolph Wolff, of Monroe, attorney for defendant, appellee.

Theus, Grishman and Davis, of Monroe, attorneys for United States Fidelity and Guaranty Company, warrantor, appellant.

CARVER, J. This suit involves the interpretation of a building contract executed under Act 139 of 1922, page, 290, and of the bond given to secure its performance.

The suit is brought by a furnisher of materials against Roberts, the owner, and the A. & M. Construction Company, the contractor, for $1433.11, balance due on furnished materials.

Roberts called United States Fidelity & Guaranty Company, the surety on the bond, in warranty.

Due proof is made that the materials were furnished and used in the building and also that plaintiff preserved its privilege by timely registry of its claim and proper notice thereof furnished the owner, as required by section 2 of the act.

Though taking the bond, Roberts did not record either it or the contract within the time required by section 1 of the act, and hence, under section 5, is responsible to plaintiff.

He does not seriously dispute liability, and the real contest is between him and the surety which pleads that as to fifteen per cent of the contract price, say $1027.50, Roberts anticipated payment, thereby releasing the surety under the last clause of section 5 which reads:

"In all cases where surety has been furnished, the surety shall be entitled to make only the same defenses that the contractor for whom he signed the bond is authorized to make except as to the owner who has made payments in anticipation."

The bond contains a clause making the contract a part of it. The contract provides as follows:

"Art. IX. It is hereby mutually agreed between the parties hereto that the sum to be paid by the owner to the contractor for said work and materials shall be six thousand eight hundred and fifty dollars to be paid as follows: 85% every two weeks upon presentation of itemized statement of labor performed and material delivered on the ground.

"The final payment shall be made within ten days after the completion of the work included in this contract, and all payments shall be due when certificates for the same are issued.

"If at any time there shall be evidence of any lien or claim for which, if established, the owner of the said premises might become liable, and which is chargeable to the contractor the owner shall have the right to retain out of any pay-

ment then due or thereafter to become due, an amount sufficient to completely indemnify him against such lien or claim. Should there prove to be any such claim, after all payments are made, the contractor shall refund to the owner all moneys that the latter may be compelled to pay in discharging any lien on said premises made obligatory in consequence of the contractor's default."

The house was completed on or before March 11, 1924, and final payment was made March 25, 1924.

Counsel for the surety argue that the bond and contract having been given under and with reference to the above mentioned act, which provides, in section 2, that parties having claims for labor or materials shall have thirty days after registry of notice by the owner of his acceptance of the work or registry of the architect's certificate of completion, within which to file their claims, the contract cannot be regarded as completed or the building as legally completed until thirty days after registry of notice of acceptance or certificate or completion; that it was the owner's duty to withhold final payment until expiration of this thirty days; and that his making final payment before that time was an anticipation.

We cannot approve this view.

The contract does not provide for the withholding of fifteen per cent of the contract price but for the payment of 85% every two weeks upon presentation of itemized statement of labor performed and material delivered on the ground, which is a very different thing.

Under this clause it might have happened that the entire contract price would have been consumed in paying for labor and material before completion of the building.

However, there still remained due the contractor at the time of final settlement the sum of $750.00, which was paid him on March 25, 1924, and the surety would be entitled to release to this extent were the payment really an anticipation.

In our view, though, it was not.

The contract which, as said above, was expressly made a part of the bond, clearly provides that final payment is to be made not ten days after completion of the contract or registry either of notice of acceptance or architict's certificates of completion, but ten days after completion of the work.

If the parties had intended to make this ten days run from recordation either of the notice or the certificate it is to be presumed that they would have so stated.

The work, as said above, was completed March 11, or before, and final payment was made March 25th.

It is true that this provision of the contract does not protect either the owner or the surety against claims for labor or material and would not do so were the owner to record the notice or the certificate. To afford such protection the provision should be that final payment is to be made thirty-one days after registry of notice or certificate. In this case, if the owner had recorded such notice or certificate on March 11, the plaintiff would have had until April 10 to record its claim and it did record it April 8.

The purpose of the bond is not to secure the surety but to secure the owner and

parties supplying labor or material. Nothing in the act requires the owner to withhold any percentage of the contract price until the time for filing liens has expired, and the contracting parties are therefore free to regulate this as they choose. Having done so, the terms agreed on became the law between the parties and obliged the owner to make final payment ten days after completion of the work. In complying with this obligation, he was not, we think, anticipating payment but was making it strictly according to the contract.

The surety's counsel next argue that some of the material was supplied before the bond was given, and therefore not covered by the bond.

We think this plea without merit.

The bond was to guarantee faithful performance of the contract and the payment of all labor and material furnished. No exception was made of such as were furnished prior to the signing of the bond. The contractor could not make this defence and the surety is restricted to the defences open to him, except as to anticipated payment.

The judgment of the lower court was in favor of the plaintiff and against the defendant Roberts, the Construction Company which was a partnership and the partners composing it, and in favor of Roberts against the surety company. Only the surety appealed. In our opinion the judgment is correct and it is therefore affirmed.